UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DOROTHY ANNABETH HURT | )   CASE NO. 19-00090-RLM-7 |
| | ) |
| DEBTOR. | ) |

**TRUSTEE'S APPLICATION TO EMPLOY COUNSEL**

The Application of Jenice Golson-Dunlap, Trustee respectfully represents:

1. She is the duly qualified and acting Trustee in these proceedings.

2. Your petitioner wishes to employ as counsel for the Trustee the law firm of Rubin & Levin, P.C. for services to be rendered in connection with the administration of this estate, effective as of January 11, 2019.

3. Petitioner has selected said attorneys for the reason that said attorneys have experience in matters of this character and are well qualified to represent the Trustee in this proceeding.

4. The Trustee has made the following efforts prior to hiring counsel: the Trustee has reviewed the documents and information provided by the Debtor and determined that legal representation is needed for review of further legal issues.

5. The professional services to be rendered by said attorneys include: review of business interests of the Debtor, potential liquidation of business assets, the preparation of various petitions on behalf of the Trustee, the investigation of facts respecting the estate, liquidation of non-exempt assets, potential avoidance claims, and the performance of all other legal services of your petitioner which may become necessary herein.

6. To the best of petitioner's knowledge, said attorneys have no connection with the Debtor or any other party in interest (other than that disclosed in the attached Affidavit) and no

interest adverse to the Trustee or to the estate in the matters upon which they are to be engaged, and their employment would be in the best interests of this estate.

7. The following is a current fee schedule for Rubin & Levin, P.C. It is contemplated that the law firm of Rubin & Levin, P.C. will seek compensation from the effective date of employment based upon said hourly rates, which may increase, and the fees to be awarded shall be determined by this court upon application.

| | |
|---|---|
| James T. Young, Partner | $425.00/hour |
| Curt D. Hochbein, Associate | $360.00/hour |
| Matthew T. Barr, Associate | $325.00/hour |
| Clerks/Paralegals | $195.00/hour |

8. Attached hereto is an Affidavit attesting to Rubin & Levin, P.C.'s lack of conflict of interest in this proceeding.

WHEREFORE, your petitioner prays that she be authorized to employ and appoint as her attorneys the law firm of Rubin & Levin, P.C. of Indianapolis, Indiana under a general retainer, effective as of January 11, 2019 and that she have such other and further relief as may be just and proper in the premises.

/s/ Jenice Golson-Dunlap
Jenice Golson-Dunlap, Trustee
9101 N. Wesleyan Road, Suite 420
Indianapolis, IN 46268-3188
jgolsondunlap@gmail.com

STATE OF INDIANA     )
                     ) SS:
COUNTY OF MARION     )

I, Jenice Golson-Dunlap, Trustee, petitioner named in the foregoing petition, do hereby make solemn oath that the statements contained herein are true to the best of my knowledge, information, and belief.

/s/ Jenice Golson-Dunlap
Jenice Golson-Dunlap, Trustee

CERTIFICATE OF SERVICE

      I hereby certify that on January 14, 2019, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

| | |
|---|---|
| United States Trustee | ustpregion10.in.ecf@usdoj.gov |
| James T. Young | james@rubin-levin.net |
| Mark S. Zuckerberg | filings@mszlaw.com |

      I further certify that on January 14, 2019, a copy of the foregoing document was mailed by first-class U.S. Mail, postage prepaid, or via electronic transmission by this office, and properly addressed to the following:

N/A

      /s/ Jenice Golson-Dunlap
      Jenice Golson-Dunlap, Trustee

JTY/llk
G:\WP80\TRUSTEE\Golson-Dunlap\Hurt, Dorothy - 86162301\App Emp.wpd

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| DOROTHY ANNABETH HURT | ) CASE NO. 19-00090-RLM-7 |
| | ) |
| DEBTOR. | ) |

### **VERIFIED AFFIDAVIT OF JAMES T. YOUNG**

Pursuant to §§ 327(a) and 328(a) of Title 11, United States Code (the "Bankruptcy Code") and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), James T. Young, being first duly sworn upon his oath, deposes and says:

1. He is a partner of the law firm of Rubin & Levin, P.C., 135 N. Pennsylvania St., Ste. 1400, Indianapolis, Indiana 46204.

2. This affidavit is submitted in support of the *Application of Chapter 7 Trustee for an Order under 11 U.S.C. §§ 327 and 328 Authorizing the Employment and Retention of Rubin & Levin, P.C. as Counsel to the Trustee* (the "Application").

3. The facts set forth in this affidavit are personally known to me and, if called as a witness, I could and would testify thereto. Unless otherwise defined, all capitalized terms used herein have the meanings given to them in the Application.

4. Except as set out below, neither I, Rubin & Levin, P.C., nor any partner, counsel or associate thereof, insofar as I have ascertained, has any connection with the Debtor, the United States Trustee, or any party-in-interest herein, or their respective attorneys or accountants, except as set forth herein.

5. Rubin & Levin, P.C. has researched its client database to determine whether it had any relationships with the entities (collectively the "Interested Parties") whose identities are set

forth. These Interested Parties include the following: 1) the Debtor; 2) the Debtor's alleged secured creditors; 3) the Debtor's largest unsecured creditors; and, 4) the Trustee.

6. Pursuant to its research of its relationships with the Interested Parties, Rubin & Levin, P.C. sets forth below information regarding the legal services rendered, from time to time, to certain of the Interested Parties and various matters related or unrelated to the Debtor or its affiliates:

    a. Rubin & Levin, P.C. further represented Federated Mutual Insurance Company ("Federated") as a creditor of the Debtor prepetition.

Rubin & Levin, P.C. does not believe that its past and/or continued representations of Federated present a conflict of interest in connection with its representation of the Trustee as counsel in this bankruptcy case.

7. Rubin & Levin, P.C. has endeavored to identify and disclose Rubin & Levin, P.C.'s connections with parties in interest in this case. However, because the Debtor has numerous creditors and other relationships, I am unable to state with certainty that every client representation or other connection has been disclosed. In this regard, if I discover additional information that requires disclosure, I will file a supplemental affidavit with this Court.

8. Except for Rubin & Levin, P.C.'s representation of the Interested Parties identified above, Rubin & Levin, P.C. does not represent, and has not represented, any other entity in matters related to this Chapter 7 case.

9. From time to time, Rubin & Levin, P.C. has represented, and likely will continue to represent, certain creditors of the Debtor and various other interested parties in matters unrelated to this Chapter 7 case. As described above, however, Rubin & Levin, P.C. has

2

undertaken a search to determine, and to disclose whether it represents, or has represented, any significant creditors, insiders or other parties in interest in such unrelated matters.

10. Neither I, Rubin & Levin, P.C., nor any partner, counsel or associate thereof, as far as I have been able to ascertain, holds or represents any interest adverse to the estate in the matters for which Rubin & Levin, P.C. is proposed to be retained. Accordingly, I believe that Rubin & Levin, P.C. is a "disinterested person" as that phrase is defined in §§ 101(14) and 327(c) of the Bankruptcy Code.

11. No agreement exists between Rubin & Levin, P.C. and any other person, other than members of Rubin & Levin, P.C., for the sharing of compensation to be received by Rubin & Levin, P.C. in connection with services rendered or to be rendered in this case.

12. With regard to hourly rate fees, Rubin & Levin, P.C. will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

13. Except as may be approved by the Court with respect to contingency fee arrangements, Rubin & Levin, P.C. will submit periodic applications for compensation and reimbursement of itemized charges and other charges in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and the United States Trustee Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330, as issued by the U.S. Department of Justice on January 30, 1996.

14. The proposed employment of Rubin & Levin, P.C. is neither prohibited nor improper under Bankruptcy Rule 5002. Rubin & Levin, P.C. and the professionals it employs

are qualified to represent the Trustee in the matters for which Rubin & Levin, P.C. is proposed to be employed.

I swear or affirm under the penalties of perjury that the foregoing representations are true and correct.

_____
James T. Young

JTY/llk
G:\WP80\TRUSTEE\Golson-Dunlap\Hurt, Dorothy - 86162301\Aff.wpd